## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| AMY DE LUNA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. |
| | ) | |
| SOUTH BERWYN SCHOOL | ) | |
| DISTRICT 100, | ) | **Jury Trial Demanded** |
| | ) | |
| | ) | |
| Defendant. | ) | |

### COMPLAINT AT LAW

NOW COMES the Plaintiff, AMY DE LUNA ("Plaintiff" or "DE LUNA"), through her attorneys, the Law Offices of Eugene K. Hollander, and for her Complaint At Law against Defendant, SOUTH BERWYN SCHOOL DISTRICT 100 ("Defendant" or "SOUTH BERWYN"), states as follows:

### JURISDICTION

1.      This is a suit in equity authorized and instituted pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000(e) – 2, the Pregnancy Discrimination Act, 42 U.S.C. §2000 (e)(k), and the Family Medical Leave Act of 1993, 29 U.S.C. § 2601 et seq ("FMLA").

a.      Jurisdiction of this court is based upon federal questions, 28 U.S.C. § 1331.

b.      The jurisdiction of this court is invoked to secure protection of and to address the deprivation of rights secured by 42 U.S.C. §2000(e) – 2, 42 U.S.C. §2000(e)-

2 and 29 U.S.C. 2601, et seq., providing for declaratory, injunctive and other relief against employment discrimination based upon sex, as well as violation of the FMLA.

      c.      Venue in this district is proper under 28 U.S.C. Sec.1391 (B). The Defendant resides or resided in this district and the events giving rise to Plaintiff's claims occurred here.

      2.      All conditions precedent to jurisdiction have occurred or been complied with, to-wit:

            a.      Plaintiff filed charge No. 440-2013-01491 with the Equal Employment Opportunity Commission ("EEOC") on January 7, 2013, a copy of which is attached hereto as **Exhibit 1.**

            b.      The EEOC issued Plaintiff a notice of right to sue for charge No. 440-2013-01491 on February 21, 2014, a copy of which is attached hereto as **Exhibit 2**.

## PARTIES

      3.      DE LUNA is a citizen of the United States and the State of Illinois and resides in Chicago, Cook County, Illinois.

      4.      SOUTH BERWYN is a municipal corporation engaged in the operation of public schools in Berwyn, Illinois.

      5.      SOUTH BERWYN is an employer as that term is defined under the under Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e(b) and the FMLA, 29 U.S.C. § 2611.

## BACKGROUND FACTS

      6.      DE LUNA began her employment with Defendant in 2008.

7.     Throughout her employment, DE LUNA performed her job duties to Defendant's legitimate expectations.

8.     In September 2011, DE LUNA informed her Supervisors, Stan Fields and Jim Kloss, that she was pregnant.

9.     At the time that she informed Defendant of her pregnancy, DE LUNA's job title was Assistant to Director of the IT Department.

10.     Shortly after informing Defendant of her pregnancy, DE LUNA was demoted to the less desirable position of Maintenance Secretary and District Reception, and she was moved to a less desirable work space.

11.     On February 2, 2012, DE LUNA complained to the Nondiscrimination Coordinator, Jane Bagus, and the Human Resources Manager, Joan Maul, that she was being discriminated against because of gender and her pregnancy.

12.     DE LUNA was on an approved FMLA maternity leave from March 20, 2012 to June 20, 2012.

13.     On October 25, 2012, DE LUNA's employment was terminated.

## COUNT I – TITLE VII – PREGNANCY DISCRIMINATION

14.     Plaintiff re-incorporates and re-alleges Paragraphs 1 through 13 as though set forth more fully herein.

15.     Plaintiff is a member of a protected class, female, and during her employment, she became pregnant.

16.     During the course of Plaintiff's employment with Defendant, she performed to Defendant's legitimate expectations.

17. Plaintiff was terminated on October 25, 2012.

18. One or more similarly situated persons, not in the protected class did not suffer an adverse job action.

19. By terminating the Plaintiff's employment and by creating, condoning, and perpetuating an environment by which the terms and conditions of employment differ for members of a protected class and similarly situated members who are not of a protected class, Defendant has intentionally and with reckless indifference and disregard, violated Title VII of the Civil Rights Act of 1964 as amended by the Civil Rights Act of 1991 and the Pregnancy Discrimination Act , 42 U.S.C. §2000 (e)(k);

20. As a result of the intentional acts complained of herein, Plaintiff has suffered and will continue to suffer the loss of employment with Defendant and the loss of salary, bonuses, benefits and other compensation which such employment entails, and Plaintiff has also suffered pecuniary losses, emotional distress, pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

21. Plaintiff demands a trial by jury.

**WHEREFORE**, Plaintiff, AMY DE LUNA, respectfully prays that this Honorable Court:

1. Enter a declaratory judgment that the practices complained of herein are unlawful and violate the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991 and the Pregnancy Discrimination Act 42 U.S.C. §2000 (e)(k);

2. Permanently enjoin Defendant, its agents, successors, officers, employees, attorneys and those acting in concert with it or them from engaging in each of the

unlawful practices, policies, customs and usages set forth herein, and from continuing any and all practices shown to be in violation of applicable law;

3.    Order modification or elimination of the practices, policies, customs and usages set forth herein and all other such practices shown to be in violation of applicable law so that they will not discriminate on the basis of a pregnancy related condition;

4.    Immediately assign Plaintiff to that job she would now be occupying but for the practices of Defendant, and adjust the wage rates, salaries, bonuses, and benefits for Plaintiff to those which she would be enjoying but for the practices of Defendant on the basis of her pregnancy related condition, or, if this is impossible, award Plaintiff front-end pay;

5.    Compensate and make Plaintiff whole for all earnings, wages, including prejudgment interest and other benefits that she would have received but for the practices of the Defendants on the basis of her pregnancy related condition;

6.    Award Plaintiff the costs and disbursements of this action, including reasonable attorney's fees;

7.    Award Plaintiff damages for emotional distress, pain, suffering, inconvenience, and loss of enjoyment of life;

8.    Award Plaintiff punitive damages for Defendants' willful conduct; and

9.    Grant such other relief as may be just and proper.

## COUNT II – TITLE VII – GENDER DISCRIMINATION

22.    Plaintiff re-incorporates and alleges again Paragraphs 1 through 13, as though more fully set forth herein.

23.    Plaintiff is a member of a protected class, female.

5

24.     During the course of Plaintiff's employment with Defendant, she performed to the Defendant's legitimate expectations.

25.     By terminating the Plaintiff's employment and by creating, condoning, and perpetuating an environment by which the terms and conditions of employment differ for members of a protected class and similarly situated members who are not of a protected class, Defendant has intentionally and with reckless indifference and disregard violated Title VII of the Civil Rights Act of 1991.

26.     As a result of the intentional acts complained of herein, Plaintiff has suffered and will continue to suffer the loss of employment with Defendant and the loss of salary, bonuses, benefits and other compensation which such employment entails, and Plaintiff has also suffered pecuniary losses, emotional distress, pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

27.     Plaintiff demands a trial by jury.

**WHEREFORE**, Plaintiff, AMY DE LUNA, respectfully prays that this Honorable Court:

1.     Enter a declaratory judgment that the practices complained of herein are unlawful and violates the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991;

2.     Permanently enjoin Defendant, its agents, successors, officers, employees, attorneys and those acting in concert with it or them from engaging in each of the unlawful practices, policies, customs and usages set forth herein, and from continuing any and all practices shown to be in violation of applicable law;

3. Order modification or elimination of the practices, policies, customs and usages set forth herein and all other such practices shown to be in violation of applicable law so that they will not discriminate or harass on the basis of sex;

4. Immediately assign Plaintiff to that job she would now be occupying but for the practices of Defendant, and adjust the wage rates, salaries, bonuses, and benefits for Plaintiff to those which she would be enjoying but for the practices of Defendant on the basis of her gender, or, if this is impossible, award Plaintiff front-end pay;

5. Compensate and make Plaintiff whole for all earnings, wages, including prejudgment interest and other benefits that she would have received but for the practices of the Defendant on the basis of her gender;

6. Award Plaintiff the costs and disbursements of this action, including reasonable attorney's fees;

7. Award Plaintiff damages for emotional distress, pain, suffering, inconvenience, and loss of enjoyment of life;

8. Award Plaintiff punitive damages for Defendant's willful conduct; and

9. Grant such other relief as may be just and proper.

## COUNT III – TITLE VII – RETALIATION

28. Plaintiff reincorporates and realleges Paragraphs 1 through 13 as though more fully set forth herein.

29. During the course of her employment, DE LUNA engaged in protected activity making a complaint of gender and pregnancy discrimination.

30. As a direct and proximate cause of her open complaint of discrimination, Defendant retaliated against the Plaintiff and terminated her employment.

31.     As a result of Defendant's termination of Plaintiff, the Plaintiff has suffered and will continue to suffer the loss of employment with Defendant and the loss of salary, benefits and other compensation which such employment entails, and Plaintiff has also suffered pecuniary losses, emotional distress, pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

32.     Plaintiff demands a trial by jury.

**WHEREFORE,** Plaintiff, AMY DE LUNA, respectfully prays that this Honorable Court:

1.      Enter a declaratory judgment that the practices complained of herein are unlawful and violative of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991;

2.      Permanently enjoin Defendant, its agents, successors, officers, employees, attorneys and those acting in concert with it or them from engaging in each of the unlawful practices, policies, customs and usages set forth herein, and from continuing any and all practices shown to be in violation of applicable law;

3.      Order modification or elimination of the practices, policies, customs, and usages set forth herein and all other such practices shown to be in violation of applicable law so that they will not retaliate in violation of Title VII;

4.      Immediately assign Plaintiff to that job she would now be occupying but for the retaliatory practices of Defendant, and adjust the wage rates, salaries, bonuses, and benefits for Plaintiff to those which she would be enjoying but for the retaliatory practices of Defendant, or, if this is impossible, award Plaintiff front-end pay;

5.      Compensate and make Plaintiff whole for all earnings, wages, including prejudgment interest and other benefits that she would have received but for the retaliatory practices of Defendant;

6.      Award Plaintiff the costs and disbursements of this action, including reasonable attorney's fees;

7.      Award Plaintiff damages for emotional distress, pain, suffering, inconvenience, and loss of enjoyment of life;

8.      Award Plaintiff punitive damages for Defendant's willful conduct;

9.      Grant such other relief as may be just and proper.

## COUNT IV – FAMILY AND MEDICAL LEAVE ACT

33.     Plaintiff reincorporates and realleges Paragraphs 1 through 13 as though more fully set forth herein.

34.     At all pertinent times hereto, DE LUNA was an eligible employee, as defined by the Family Medical Leave Act ("FMLA"), 29 U.S.C. 2611, of Defendant.

35.     DE LUNA was entitled to protected leave under the FMLA in connection with her pregnancy.

36.     Defendant willfully and intentionally interfered with DE LUNA's rights under the FMLA, 29 U.S.C. 2615, when it terminated her employment on October 25, 2012 in retaliation for her FMLA leave of absence.

37.     Plaintiff demands a trial by jury.

**WHEREFORE**, Plaintiff, AMY DE LUNA, respectfully prays that this Honorable Court:

1.     Enter a declaratory judgment that the practices complained of herein are unlawful and violate the Family Medical Leave Act of 1993;

2.     Permanently enjoin Defendant, its agents, successors, officers, employees, attorneys and those acting in concert with them from engaging in each of the unlawful practices, policies, customs and usages set forth herein, and from continuing any and all practices shown to be in violation of applicable law;

3.     Order modification or elimination of the practices, policies, customs and usages set forth herein and all other such practices shown to be in violation of applicable law;

4.     Immediately assign Plaintiff to the job that she would now be occupying but for the practices of Defendant, and adjust the wage rates, salaries, bonuses, and benefits for Plaintiff to those which she would be enjoying but for the practices of Defendant, or if this is impossible, award Plaintiff front-end pay;

5.     Compensate and make Plaintiff whole for all earnings, wages, including prejudgment interest and other benefits that she would have received but for the practices of Defendants;

6.     Award Plaintiff the costs and disbursements of this action, including reasonable attorneys' fees;

7.     Award Plaintiff liquidated damages for Defendant's willful conduct;

8.     Grant such other relief as may be just and proper.

10

Respectfully submitted,

Plaintiff,
AMY DE LUNA

By:     s/ Paul W. Ryan
        One of her attorneys

Eugene K. Hollander
Paul W. Ryan
**The Law Offices of Eugene K. Hollander**
230 W. Monroe, Suite 1900
Chicago, IL 60602
(312) 425-9100